BRAY v. PETERS et ux.　　(No. 8742.) *

(Court of Civil Appeals of Texas. Galveston. Feb. 27, 1926. Rehearing Denied April 1, 1926.)

**I. Trial ⬤⟿390—Conclusions of fact and law, filed more than 10 days after adjournment of term rendering judgment, are not considered on appeal.**

Conclusions of fact and law, filed more than 10 days after adjournment of term of court at which judgment was rendered, will not be, considered on appeal.

**2. Appeal and error ⬤⟿931(1)—Statement in additional findings that conclusions of fact and law had been previously filed in time does not authorize assumption that file mark in transcript to the contrary is incorrect.**

Statement in additional findings of fact that conclusions had been previously filed within time does not authorize Court of Civil Appeals to assume that file mark on conclusions appearing in transcript showing them not to be filed in time is incorrect, but appellate court must accept filing date shown by record.

**3. Appeal and error ⬤⟿653(1).**

Correction of filing date of conclusions of fact and law, shown in transcript, can only be obtained by proper proceedings in trial court.

**4. Appeal and error ⬤⟿544(1)—Failure to file conclusions of fact and law in time does not require reversal of judgment, where no bill of exceptions was taken thereto.**

Where no bill of exceptions was taken to failure of trial court to file conclusions in proper time, as delay might have been excusable, failure to file conclusions of fact and law within 10 days after adjournment of court does not require reversal of judgment.

**5. Appeal and error ⬤⟿1030—Judge's failure to comply with rule of procedure is no grounds for reversal, unless judge has opportunity to explain.**

Judgment of trial court will not be reversed, on appeal, for failure of judge to comply with rule of procedure, which might be excused or explained, unless judge has been given opportunity to explain.

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error refused May 26, 1926.

**6. Appeal and error ⬤⇒544(1)—Only method of obtaining explanation of judge of failure to file conclusions in time is by bill of exceptions.**

Only method of obtaining explanation of trial judge of failure to file conclusions in time is by bill of exceptions, in absence of which appellant is not entitled to reversal of judgment.

**7. Injunction ⬤⇒123—Petition seeking to restrain interference with plaintiffs' possession and title held not to show suit to be one in trespass to try title, and hence plaintiffs were not confined to title pleaded under partition decree.**

Petition to restrain defendant's trespass and interference with plaintiffs' title and possession, reciting judgment in partition suit, to which defendant was a party, awarding lands in controversy to plaintiffs, and that plaintiffs were owners of undivided interest in land prior to partition decree, *held* not to show suit to be one in trespass to try title, and hence plaintiffs are not confined to title pleaded under partition decree.

**8. Appeal and error ⬤⇒907(3).**

Without statement of facts, it must be assumed, in support of judgment, that every material fact alleged by plaintiffs was proved. ·

**9. Injunction ⬤⇒123—Defendant, pleading or proving no title or prior possession, cannot defend acts of trespass on ground that partition decree awarding land to plaintiffs was invalid.**

In suit to enjoin interference with quiet possession of land, awarded to plaintiffs in prior partition suit, defendant's acts cannot be defended on ground that partition decree was invalid, where he failed to plead or prove any title or prior possession.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Suit by R. C. Peters and wife against John W. Bray. Judgment for plaintiffs, and defendant appeals. Affirmed.

J. R. Hill and Pritchett Harvey, both of Houston, for appellant.

Boyles, Brown & Scott and Pat N. Fahey, all of Houston, for appellees.

PLEASANTS, C. J. This suit was brought by appellees R. C. Peters and wife, Maggie L. Peters, to enjoin appellant from interrupting and interfering with plaintiffs' quiet possession of a tract of 66.97 acres of land on the B. B. B. & G. Railway Company Survey No. 1028 in Harris county.

The following sufficient preliminary statement of the substance of the petition is copied from the brief of appellees:

"In their petition and the amendments thereto plaintiffs alleged ownership of said land by one of the plaintiffs, to wit, Mrs. Maggie Peters, and as a basis for injunctive relief recited a judgment partitioning the land and setting aside said sixty-six and ninety-seven one-hundredths (66.97) acres to R. C. Peters, one of the plain-

tiffs herein, and its transfer by him to Mrs. Maggie L. Peters, one of the plaintiffs herein. And plaintiffs further alleged various facts connected with various and sundry suits and proceedings by and between John W. Bray and R. C. Peters, and further alleged numerous acts on the part of the said John W. Bray interfering with the possession of said R. C. Peters and said Maggie Peters, and numerous acts of the said John W. Bray which were alleged to cast a cloud on the title of R. C. Peters and the said Maggie Peters, and the prayer of plaintiffs' petition was for injunction enjoining said Bray from interfering with plaintiffs' possession of said land and from clouding their title to said land."

The defendant answered by general demurrer, special exceptions and general denial, and specially pleaded that the judgment set out in plaintiffs' petition, under which they claim ownership and the right of possession of the land described in their petition, having been rendered in a suit for partition, was void for want of proper service of citation upon Irma Root Bray, one of the owners of the land sought to be partitioned.

Defendant further specially pleaded that the partition judgment was not binding upon him, because it was not alleged in plaintiffs' petition in said suit that he owned any interest in the land sought to be partitioned, and he was only made a party pro forma as the husband of the defendant Irma Root Bray, and said judgment of partition does not purport to adjudicate or dispose of any right, title, or claim of defendant in the land.

He further pleaded:

That at the time he was dispossessed of the land, by an injunction obtained by plaintiffs after the rendition of the partition decree, he had a herd of dairy cattle on the land and that by "the execution of said injunction and the service of same on him he had been forced and compelled, at great trouble and expense and inconvenience, to move his dairy herd off of said premises and seek pasturage for them elsewhere, to his great and irreparable damage; that said lands and premises are fully equipped with barns and sheds to care for said cattle, and that winter is now at hand, and that unless this defendant is restored to the possession of his property, in order to properly care for and protect his said cattle, great numbers of them are likely to die to his (defendant's) great and irreparable damage; that the procuring of said judgment under the circumstances and in the manner herein above set out was and is fraud upon this honorable court, without justification in law, equity, good conscience, and fair dealing, and this court should not exercise its high equity powers by giving countenance to said fraud, and making this defendant the victim of said fraud, and, as a result thereof, suffer great and irreparable loss and damage, and this defendant says he is still the husband of Irma Root Bray.

"Wherefore this defendant prays the court that temporary writ of injunction granted herein be in all things dissolved and that this defend-

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ant be discharged, with his cost for such other and further relief in law and equity to which he may be justly entitled to."

The trial in the court below without a jury resulted in a judgment in favor of plaintiffs.

There is no statement of facts with the record. There are findings of fact and conclusions of law in the record which, on the face of the record, are not filed within the time prescribed by the statute. The record also contains the following motion for additional findings of fact, which was granted by the court and filed in proper time:

"P. C. Peters, et al. v. John W. Bray.

No. 108245.

"In the District Court of Harris County, Texas, January–July Term, A. D. 1924.

"To the Honorable Judge of said Court:

"Now comes Jno. W. Bray, the defendant in the above entitled and numbered cause, and moves the court to file the following as additional to the findings of fact filed herein on the ——— day of June, A. D. 1924:

"Additional Findings of Fact, Found and Filed at the Request of the Defendant Jno. W. Bray.

"No. 1. I find that cause No. 57278, entitled R. C. Peters v. J. H. Halpern et al., which resulted in the judgment declared on by plaintiffs in this cause, had its origin in the district court for the Fifty-Fifth judicial district of Texas, in Harris county, Texas, by the plaintiff R. C. Peters filing in said court on the 8th day of February, A. D. 1913, his original petition, in words and figures substantially as follows, to wit:

" 'State of Texas, County of Harris.

" 'No. 57278. In the District Court of Harris County, Texas.

" 'To the Honorable Judge of said Court:

" 'Your petitioner, R. C. Peters, hereinafter called plaintiff, complaining of John Rudersdorf, J. H. Halpern, and Mrs. B. F. Halpern, wife of J. H. Halpern, Jno. W. Bray, and Mrs. Irma Root Bray, wife of Jno. W. Bray, says:

" '(1) That plaintiff is a resident of Douglas county, Nebraska, and the defendants are all residents of Harris county, Texas.

" '(2) That plaintiff and the defendant John Rudersdorf, Mrs. B. F. Halpern, and Mrs. Irma Root Bray, are the owners in fee simple of the following described land and premises situated in Harris county, Texas, to wit: [Here follows description of the land.]

" '(4) That the plaintiff is the owner of an undivided sixty-four and one-half (64½) acres of said land. That Mrs. B. F. Halpern is the owner of an undivided eight (8) acres of said land. That Mrs. Irma Root Bray is the owner of an undivided five (5) acres of said land, and the said John Rudersdorf is the owner of an undivided two and one-half (2½) acres of said land.

" '(5) That the plaintiff and the defendants are the sole owners of said land and premises so far as known to this plaintiff. That the es-

283 S.W.—38

timated value thereof is twelve thousand dollars ($12,000.00).

" '(6) Wherefore plaintiff prays that the defendants be cited to appear and answer this petition; that he have judgment for the partition and division of said land and premises; and that commissioners be appointed and a writ of partition issue. He further prays for the possession of such portion as by the judgment of the court may be ascertained and declared to be the property of plaintiff, and for such other and further relief as the facts may justify.'

"2. I find that citation for personal service was issued on said petition against all of the defendants addressed to the sheriff or any constable of Harris county, Texas, and that the sheriff's returns on said citation show that the same was personally served on all of the defendants, except the defendant Irma Root Bray, and as to her not served, the return reciting that the officer could not find her at home, nor could any of her family tell of her whereabouts.

"3. I find, among the papers in said cause of Peters v. Halpern et al., an affidavit, said affidavit being in words and figures as follows, to wit:

" 'R. C. Peters v. J. H. Halpern et al.

" 'In the District Court of Harris County, Texas:

" 'Edward S. Boyles, being duly sworn, says: That he is a member of Moody & Boyles, attorneys of record for R. C. Peters in the above entitled and numbered cause. That the defendant Mrs. Irma Root Bray is secreting herself so that personal service cannot be had upon her; that her residence so far as this plaintiff is concerned is unknown.

" 'Wherefore he prays that citation by publication issue in the manner and form prescribed by law. [Signed] Edward S. Boyles.

" 'Sworn to and subscribed before me this 17th day of April, A. D. 1913.

" '[Signed] M. J. Drysdale, Notary Public,

" '[Seal.] Harris County, Texas.'

"I find no other affidavit in said papers.

"4. I find that among the papers in said cause there appears a process issued by the clerk of said court addressed to the sheriff or any constable to cite the defendant Irma Root Bray to appear and answer in said cause of Peters v. Halpern, by publication as a defendant whose residence is unknown, that said citation is in all things regular, and the sheriff's return thereon shows that the same was published for the time and in the manner required by law.

"5. I find that on the 22d day of April, A. D. 1915, R. C. Peters, the plaintiff in said cause, filed his first amended original petition, said petition being in words and figures substantially as follows, to wit: [Here follows copy of amended petition identical with the original petition, except that Edith T. Rudersdorf is named as an additional party defendant and the owner of 1¼ acres of land, and the quantity of the land owned by John Rudersdorf is alleged to be 1¼ acres instead of 2½ acres, as alleged in the original petition.]

"6. I find that the next term of the Fifty-Fifth judicial district court after the filing of said first amended original petition began on the first Monday of May, 1915, the same being the

4th day of said month, and that it was impossible for the defendant Irma Root Bray to have been cited by publication to appear and answer said first amended petition, at said term, and that during said term the court rendered judgment on said petition, partitioning the lands and appointing commissioners of partition, etc.,

"7. I find that the defendant Edith T. Rudersdorf, mentioned in said first amended original petition, and who is alleged therein to own an interest in said land, is another, a different and an additional, defendant to those named in said original petition, to answer which, the said Irma Root Bray was cited by publication.

"8. I find in the judgment of partition rendered in said cause during said term the following recitals:

" 'The court, after hearing the pleadings of all the parties, the evidence adduced in support thereof, and the argument of counsel thereon, is of the opinion and finds: That the plaintiff and defendants are the sole owners of and are entitled to a partition. and division of the following described property [giving description of the land involved in this suit].

" 'The court finds that the plaintiff R. C. Peters is the owner of an undivided 64½ acres of the 80 acres above described; that Mrs. B. F. Halpern is the owner of an undivided 8 acres of said land above described; that Mrs. Irma Root Bray is the owner of an undivided 5 acres of said land above described; that the said John Rudersdorf is the owner of an undivided 1¼ acres of said land above described; and that Edith T. Rudersdorf is the owner of an undivided 1¼ acres of said lands above described.'

"I further find that no part of the land involved in said partition suit was awarded to the defendant John R. Bray.

"9. I further find that, in the judgment of the court confirming the report of the commissioners in partition, the following recital appears, to wit:' 'That the title to said 66.97 acres of land allotted to the said R. C. Peters be and the same is hereby invested in the said R. C. Peters and divested out of the said Mrs. B. F. Halpern, Jno. W. Bray, J. H. Halpern, John Rudersdorf, Mrs. Irma Root Bray, John Rudersdorf, and Mrs. Edith T. Rudersdorf.'

"10. I find that, at the time of the filing of the original petition in the said cause of Peters v. Halpern et al., the said Mrs. Irma Root Bray was then and is now the wife of Jno. W. Bray, and that during all of said time Jno. W. Bray lived in Harris county, Texas, and within the city limits of the city of Houston.

"11. I find that, in the judgment entered in said cause of Peters v. Halpern et al., there are no recitals of due service of process. The only recitals with reference thereto and appearance is as follows: 'On this 15th day of June, 1915, the above entitled and numbered cause came on to be heard in regular order, and the plaintiff R. C. Peters and the defendant John Rudersdorf and Edith T. Rudersdorf, wife of the said John Rudersdorf, J. W. Bray, and Irma Root Bray, wife of the said J. W. Bray, J. H. Halpern, and Mrs. B. F. Halpern, wife of said J. H. Halpern, appeared by their attorneys and announced ready for trial, and a jury being waived,' etc.

"12. I find that the defendant Jno. W. Bray filed in said cause an answer, which is in words and figures as follows, to wit:

" 'R. C. Peters v. J. H. Halpern et al.'

No. 57278.

" 'In the Fifty-Fifth Judicial District Court of Harris County, Texas.

" 'Now in the above entitled and numbered cause comes defendant Jno. W. Bray, answering for himself only, and demurs because he says the same is insufficient in law and of this he prays judgment of the court.

" 'Answering herein, he denies all the allegations in plaintiff's petition contained and of this he puts himself upon the country. [Signed] Atkinson, Graham & Atkinson, Attys. for Defendant Jno. W. Bray. P. Harvey, J. R. Hill, Attys. for Jno. W. Bray.'

"The defendant's motion is granted and the findings of fact set out above are made a part of the findings of fact in this cause.

"Chas. E. Ashe, Judge.

"Filed June 17, 1924, O. M. Duclos, Clerk District Court, Harris County, Texas, By J. D. Brightwell, Deputy."

[1] The first proposition presented in appellant's brief is that findings of fact and conclusions of law filed more than 10 days after the adjournment of the term of the court at which the judgment was rendered will not be considered by the appellate court. This proposition is fully sustained by the authorities, and we cannot consider for any purpose the conclusions of fact and law appearing in the transcript, which the record shows was filed on August 16, 1924, more than 30 days after the adjournment of the term of the court at which the judgment appealed from was rendered. Maverick v. Burney (Tex. Civ. App.) 30 S. W. 566; King v. Baldwin (Tex. Civ. App.) 37 S. W. 971; Beaumont Improvement Co. v. Carr, 75 S. W. 327, 32 Tex. Civ. App. 615; Velasco Fish & Oyster Co. v. Texas Co. (Tex. Civ. App.) 148 S. W. 1184.

[2, 3] We cannot agree with the contention of appellees that the statement in the additional findings of fact, which were filed on June 17, 1924, that conclusions of fact and law had been previously filed by the court, authorizes us to assume that the file mark on the conclusions of fact and law appearing in the transcript is incorrect, and that such conclusions of facts and law were filed within the time required by the statute, and are entitled to our consideration. We must accept the date of the filing of the conclusions shown by the record. If the date shown in the transcript is incorrect, its correction could only be obtained by proper proceedings in the court below. Kimball v. Powell, 121 S. W. 541, 57 Tex. Civ. App. 57.

[4] We agree with appellees, however, that the apparent failure of the trial court to file the conclusions of fact and law within 10 days after the adjournment of the court does not require a reversal of the judgment.

[5, 6] No bill of exceptions was taken by appellant to the failure of the trial court to file the conclusions in proper time. The de-

lay of the trial court may have been caused or contributed to by some act or omission of appellant, or other facts may have existed which excused it. An appellate court will not reverse the judgment of a trial court for the failure of the judge to comply with a rule of procedure which might be excused or explained by the judge, unless the judge has been given the opportunity to explain. The only correct method of obtaining the explanation of the judge is by bill of exceptions, and appellant, having taken no bill of exceptions, is not entitled to a reversal of the judgment for the failure of the judge to file the conclusions in proper time. But appellant does not ask a reversal of the judgment on this ground. He says in his brief:

."As these findings and conclusions were filed more than 10 days after the close of the term, we are at a loss to know what to do with them; however, the court, in response to the motion of defendant Bray, made and filed within the time prescribed by law findings of fact, on which we will seek to reverse the case."

It follows that, unless the judgment must be reversed for error of the trial court, the materiality of which is shown by the additional findings of fact of the trial court, it should be affirmed.

[7] The remaining assignments and propositions presented in appellant's brief only present questions affecting the validity of the judgment in the partition suit pleaded by appellees, and the further consideration that, this being a suit in trespass to try title, appellees, having specially pleaded title under the partition decree, can only recover upon the title pleaded by them. We cannot agree with appellant that the suit can be regarded as an action of trespass to try title to which the rule invoked is applicable.

Plaintiffs' petition contains no allegation of ouster and no prayer for recovery of title and possession. After reciting the proceedings and judgment in partition suit by which appellee R. C. Peters was awarded the tract of land described in the petition, and alleging that defendant Bray was a party to said suit, and appeared and filed an answer therein, "and by said judgment of confirmation above described all of the right, title, and interest of said John W. Bray in and to said 66.97 acres was expressly divested out of said John W. Bray and invested in said R. C. Peters," the petition further alleges:

"That prior to and at the time of the institution of said partition suit above set out said R. C. Peters was the owner in fee simple of an undivided 64½ acres in and to said Pye, Martyr, and Fox subdivision of 80 acres out of said B. B. & C. section 1028, Harris county, Texas, and that in said partition suit as alleged he was awarded the specific tract above described; that said R. C. Peters was the owner of said land in fee simple at all times prior to the 16th day of January, 1922, when he conveyed the same to his wife, Mrs. Maggie Peters, by general warranty deed; and that the said Mrs. Maggie Peters has been the owner of said property in fee simple continuously from and after the date of said deed and still is the owner of said property."

It is then alleged:

That after the rendition of the partition decree, the defendant trespassed upon the land and refused to permit plaintiffs to inclose it with a fence; that plaintiffs then applied to the court in which the decree was rendered and obtained a writ of assistance, and, acting under said writ the sheriff of Harris county, inclosed the land and placed plaintiffs in possession thereof; that after plaintiffs had procured the fencing of the land and obtained possession the "defendant on or about the 2d day of February, 1917, willfully and maliciously took down at least 100 feet of said fence and permitted his stock and cattle to pasture upon said land; that thereafter, on or about the 2d day of February, 1917, said R. C. Peters filed suit in the Fifty-Fifth judicial district court, No. 79100, styled R. C. Peters v. John W. Bray, and prayed for a writ of injunction restraining the defendant, John W. Bray, from further cutting or removing said fence, or attempting to do so, and from entering upon said land and premises and trespassing thereon, and requiring said defendant, John W. Bray, to replace said fence; that upon consideration of said petition, said Fifty-Fifth judicial district court granted to said R. C. Peters its temporary injunction, which was duly served upon said defendant, John W. Bray, restraining him as prayed for, a copy of which said temporary writ of injunction is hereto attached, marked Exhibit D and made a part hereof; that said writ of injunction was served upon said defendant John W. Bray on the 2d day of February, 1917, and due return thereon was made to this honorable court; that upon a hearing of said injunction, the said defendant, John W. Bray, appeared before the Fifty-Fifth judicial district court of Harris county, Texas, and admitted that he was without right in having violated said order and expressly promised Hon. William Masterson, at that time judge of the Fifty-Fifth judicial district court, that he would not further violate said order or again trespass upon said land; whereupon said Judge William Masterson advised said Bray that upon his express promise not to again trespass upon said property, or again interfere with the possession of said R. C. Peters, he would not hold him in contempt, and admonished him that he should not further violate said order or trespass upon said land."

The petition further alleges:

The execution of a lease of the land by the defendant on November 15, 1921, and that he continued to trespass upon the property, and on or about the 8th day of January "willfully and deliberately disregarded said orders of the said honorable Fifty-Fifth judicial district court heretofore entered, and violated the several injunctions and orders of said court theretofore issued, and violated and disregarded his express promise to said court, and without regard to plaintiffs' right in said property, and without regard to the orders of said court, cut and broke the wire fencing the gate to said property, cut and broke the rope securing and fastening said

gate, opened said gate, and turned his cattle in and upon said land and trespassed thereon; that the cattle of defendant, trespassing upon the land and premises of plaintiffs, tramped, packed, and injured the said lands, and injured the sod thereon, and ate and destroyed the grass therein, and did said real estate irreparable injury; that said act created a cloud of a proprietary right in said property and cast a cloud upon the possession thereof and the title thereof; that said trespasses caused and occasioned plaintiffs alarm, worry, and expense, and made necessary the employment of counsel to secure orders protecting the possession of said property and irreparably injured the plaintiffs in the possession of said land, for which he had no adequate remedy at law."

Various other acts of trespass and injury to plaintiffs' title and possession and threats of injury are also alleged, continuing up to the time of the filing of this suit.

The prayer of the petition is as follows:

"Wherefore plaintiffs pray that defendant be cited to appear and answer this petition, and further pray that this honorable court issue a temporary injunction or restraining order commanding defendant, John W. Bray, to desist and refrain from interfering, or attempting to interfere, with said plaintiffs in their possession of said property, and to desist and refrain from cutting, breaking, or otherwise tampering with, or attempting to cut, break, or otherwise tamper with, plaintiffs' gates and fences, and to desist and refrain from trespassing, or attempting to trespass, in any manner upon the said lands and premises above described, to desist and refrain from turning his cattle, or any of same, upon said land, or any part thereof, or permitting said cattle, or any of them, to go upon and run upon said land, to desist and refrain from in any manner driving out, or attempting to drive out, the cattle, or any part of the cattle of the said A. L. Gosler, upon said land, and to desist and refrain from executing and delivering, or attempting to execute and deliver, any instruments, of any character, casting any clouds upon the title and possession of these plaintiffs; that upon final hearing hereof that said injunction be made permanent; and that these plaintiffs have all costs and such other relief as the facts may justify."

We think it clear from this statement of the allegations of the petition that plaintiffs' suit is not one in trespass to try title, and that in pleading the judgment in the partition suit it cannot be held that they were specially pleading their title. On the contrary, it is specially alleged in the petition that plaintiffs were the owners in fee of an undivided interest in the land prior to the rendition of the partition decree, and that judgment is only pleaded to evidence their right of possession of the specific tract of 66.97 acres described in their petition.

The cause of action being one for injunction to protect plaintiffs against the wrongful acts of defendant which injure them in their title and possession of their property, the rule of pleading and evidence invoked by appellant is not applicable.

[8, 9] In the absence of a statement of fact it must be assumed in support of the judgment that every material fact alleged by the plaintiffs was proven. This being true, the question of whether the judgment in the partition suit is binding upon appellant is immaterial. He neither pleads nor proves any title to the land, or any prior possession thereof, and his acts of trespass and injury to plaintiffs' possession cannot be defended on the ground that plaintiffs' right to possession of the specific 66.97 acres as against their co-owners was not shown by a valid judgment of partition.

Appellant shows no excuse for his continued trespass on the land and his willful injury to plaintiffs' close and possession in disregard of the orders of a court of competent jurisdiction; especially is this so when a former order of the court enjoining him from further trespass on the property was made on his confession in court that he was without right in violating the order of the court.

We think the judgment should be affirmed, and it has been so ordered.

Affirmed.