## GARRETT et al. v. CUERO MILL & FEED CO. (No. 8094.)

Court of Civil Appeals of Texas. San Antonio. Dec. 19, 1928.

Leonard Brown, W. C. Williams, and Nat. L. Hardy, all of San Antonio, for appellant.

Jno. K. Weber and C. O. Wolfe, both of San Antonio, for appellee.

FLY, C. J. This is a suit instituted by appellee against appellants to recover the sum of $616 alleged to be due as damages arising from a failure to deliver corn sold to the former by the latter. The trial resulted in a judgment against R. N. Garrett, Sr., for $732.74, principal and interest.

Appellee sued R. N. Garrett, Sr., and R. N. Garrett, Jr. Appellants answered by general and special exceptions and general denial. They requested the court to file his findings of fact and conclusions of law, but the request was not complied with, and such failure is made the subject of an assignment of error.

The facts show that appellee, on October 20, 1924, ordered from appellants two carloads, or 1,600 bushels, of yellow corn in the ear, and Garrett, Sr., promised to deliver the corn immediately. The corn was never delivered. Appellee wrote him a number of letters and telephoned him urging a compliance with the contract. On January 3, 1925, W. M. Seeligson, for appellee, went from Cuero to San Antonio, where the elder Garrett continued his promises to ship the corn. Appellee waited two weeks longer, but the corn was not delivered, and Seeligson telephoned Garrett, Sr., but all he said was he had tried to get the corn. Appellee then ordered shelled yellow corn from Houston to be delivered at Cuero at $1.48½ a bushel. Appellants had promised to deliver the corn in the husk at $1.10 a bushel. On October 21, when the corn was ordered from appellees, shelled yellow corn, was of the market value of $1.20 to $1.25 per bushel, but it went up after January, 1925, to the sum of $1.48½ a bushel. Appellee could not get the corn in the ear when he bought in Houston, although he used diligence in several markets to buy it.

While article 2208, Revised Statutes, requires a trial judge, when a case is tried without a jury, to file his conclusions of fact separately from his conclusions of law, it has been held for many years that, when a full statement of facts is in the record agreed to by appellant, and it is not apparent that the party requesting conclusions of law and fact was injured by the failure to file them, such failure will not require a reversal of the judgment. Bank v. Stout, 61 Tex. 567; Railway v. Highland Dairy Co. (Tex. Civ. App.) 137 S. W. 137; Guadalupe County v. Poth (Tex. Civ. App.) 153 S. W. 919; Railway v. Diaz (Tex. Civ. App.) 156 S. W. 907; Edwards v. McGuire (Tex. Civ. App.) 165 S. W. 477; Railway v. Stewart (Tex. Com. App.) 257 S. W. 526. The statement of facts fully sustains the judgment, and no injury could have resulted to appellants by a failure to file findings of fact and conclusions of law. The propositions raising the issue are overruled.

The only assignment of error attempted to be presented by the brief was not copied into the brief and probably should not have been considered. The rules as to briefs were all ignored in preparing appellants' brief.

The judgment is affirmed.