## HEWITT v. GREEN.
### No. 931.

Court of Civil Appeals of Texas.  Waco.
May 22, 1930.

Edgar Hartsfield, of Dallas, for plaintiff in error.

Collins & Houston and W. E. Johnson, all of Dallas, for defendant in error.

STANFORD, J.

This suit was filed by plaintiff in error, Will Hewitt, who will hereafter be referred to as plaintiff, against H. T. Green, defendant in error, who will hereafter be designated as defendant. It is alleged in substance by plaintiff that at about 9:30 o'clock p. m. on September 16, 1928, he was traveling along the public road in his automobile between Duncanville and Cedar Hill in Dallas county, going south on said public road, when his car ran into the rear end of defendant's truck with a trailer attached, which truck and trailer had been stopped on the side of the road, said truck and trailer covering more than one-half of the paved part of said highway; that plaintiff was looking ahead along said highway, but failed to see said truck and trailer, it being a dark night, until his car crashed into said truck and trailer, damaging his car and injuring plaintiff to the total amount of $642; that defendant was guilty of negligence in stopping his truck and trailer covering more than half said highway, and was negligent in failing to have the tail light of his trailer lighted, etc. Defendant answered by general demurrer, general denial, and contributory negligence, etc. The case was tried before the court without a jury and judgment rendered for the defendant. Plaintiff has duly appealed, and presents the record here for review.

Under his first proposition plaintiff contends, in effect, that the trial court erred in failing to file findings of fact and conclusions of law in ten days after the adjournment of the term at which said case was tried, request therefor having been seasonably made. The record shows the judgment was rendered March 25, 1929. The court overruled plaintiff's amended motion for new trial on May 2, 1929. The term of court at which the case was tried expired on May 5, 1929, and a new term began on May 6, 1929. On May 2, 1929, in the presence of defendant's counsel, plaintiff's counsel made demand of the court to file findings of fact and conclusions of law, and the court sustained plaintiff's request. On June 14, 1929, the court filed his findings of fact and conclusions of law. The findings of fact and conclusions of law in this case having been filed by the trial court

more than ten days after the adjournment of the term of the court at which the judgment was rendered, same cannot be considered for any purpose. Maverick v. Burney (Tex. Civ. App.) 30 S. W. 566; King v. Baldwin (Tex. Civ. App.) 37 S. W. 971; Beaumont Imp. Co. v. Carr, 32 Tex. Civ. App. 615, 75 S. W. 327; Velasco Fish & Oyster Co. v. Texas Co. (Tex. Civ. App.) 148 S. W. 1184.

However, as there is a full statement of facts with the record, duly approved and agreed to by counsel for both parties, we do not think the failure of the trial court to file findings of fact and conclusions of law within the ten days as provided by law should require a reversal of this case. Especially is this true in view of the fact that no bill of exception was taken by plaintiff to the failure of the trial court to file the findings and conclusions of law in proper time. The delay of the trial court may have been caused or contributed to by some act or omission of plaintiff. An appellate court will not reverse the judgment of a trial court for the failure of the trial court to comply with a rule of procedure which might be excused or explained by the judge, unless the judge has been given the opportunity to explain, and the only correct method of obtaining such explanation is by bill of exception, and plaintiff, having taken no bill of exception, is not entitled to a reversal of the judgment for the failure of the judge to file the conclusions in proper time. Bray v. Peters et ux. (Tex. Civ. App.) 283 S. W. 591 (writ refused). It has often been held that, where an agreed statement of facts has been filed, it is not reversible error for the court to fail to file findings of fact and conclusions of law. Flores & Son et al. v. First State Bank of Mission (Tex. Civ. App.) 266 S. W. 542; Garrett et al. v. Cuero Mill & Feed Co. (Tex. Civ. App.) 11 S.W.(2d) 850. It is also true, where no injury is shown by failure of the trial judge to file findings of fact and conclusions of law, a case will not be reversed for such failure. Russell v. Lehman et al. (Tex. Civ. App.) 300 S. W. 105. The above contention of plaintiff is overruled.

Under his remaining propositions, plaintiff contends, in effect, that the judgment of the trial court is not supported by the evidence. As this case was tried before the court without the aid of a jury, the findings of the court on fact issues, if any, are binding upon the court to the same extent as if said findings were the findings of a jury. Article 2176, Revised Civil Statutes; Bailey v. White, 13 Tex. 114; Roe v. Davis (Tex. Civ. App.) 142 S. W. 950; Mitchell v. Walker (Tex. Civ. App.) 241 S. W. 1090. And so, if there is any evidence to support the judgment and finding of the trial court, said judgment must be affirmed. The evidence shows that plaintiff

and a party with him were in plaintiff's car driving south along the highway between Duncanville and Cedar Hill, between 7 and 8:30 p. m.; that defendant's truck, which was also headed south, had stopped on the right-hand side of the highway; that plaintiff's car ran into said truck standing by the side of the road; that the paved part of said highway at the place of the collision was eighteen feet wide. It was dark, but plaintiff's lights on his car were all burning. All of defendant's lights on his truck were burning, unless it was the tail light. Plaintiff testified that he did not see the truck until after he ran into it; that he did not see the tail light on defendant's truck before he struck said truck. The evidence shows the tail light on defendant's truck was smashed by the collision, so the question was left in doubt as to whether it was burning or not at the time of the collision. Plaintiff testified he was looking ahead along the highway at the time of the collision. His companion did not testify. In addition to the paved part of said roadway, the remainder of said roadway, which was graveled, was about three feet on each side, or a roadway of twenty-four feet. We think the questions of negligence, contributory negligence, and proximate cause were all raised by the evidence, and proper for the decision of the jury, and it is thought there is sufficient evidence to support the judgment of the trial court.

The judgment is affirmed.