## McCARROLL v. LAKEY.

### No. 2209.

Court of Civil Appeals of Texas. Eastland.

Dec. 5, 1941.

Rehearing Denied Jan. 9, 1942.

Smith & Smith, of Anson, for appellant.

Truett Smith, of Tahoka, for appellee.

LESLIE, Chief Justice.

This is an appeal from a judgment awarding custody of two minor children to the father, P. B. Lakey, appellee. On May 7, 1937, a judgment for divorce was awarded Velma Lakey in her suit against P. B. Lakey, and in that judgment the custody of the two minor children was awarded to R. O. McCarroll, the father of Velma Lakey. Subsequent to the instant suit, Velma Lakey died October 18, 1937, at a time when she was making her home with her parents, Mr. and Mrs. R. O. McCarroll, who had theretofore moved to Dawson County.

Shortly after the death of Velma Lakey, said P. B. Lakey filed this suit against R. O. McCarroll in the District Court of Jones County, which cause was later removed to Dawson County on a change of venue. The venue question was considered and determined in the following opinions: Lakey v. McCarroll, Tex.Civ.App., 131 S. W.2d 181; Id., 134 Tex. 191, 134 S.W.2d 1016.

On the trial of the instant case the defendant urged a general demurrer, general denial, and sought by special allegations to retain custody of the children. The demurrer was overruled and in a trial before the court without a jury the custody of the children was awarded to plaintiff P. B. Lakey. At the request of appellant the trial court made and filed findings of fact and conclusions of law.

The cause went to trial on plaintiff's first amended original petition filed November 25, 1940, and the general demurrer was urged on the theory that said pleadings failed to allege sufficient material

changes affecting the welfare of the children since the original order of May 7, 1937 (awarding custody of children to grandfather) to justify or warrant a change of the custody of the minor children. Among the most material changes alleged, and without going into detail, the amended petition alleges (1) that since the original award said R. O. McCarroll had moved from Jones County to Dawson County, taking the children with him; (2) that Velma Lakey agreed to live with her father, R. O. McCarroll, giving her care and attention to the children, but that she had died October 18, 1937; (3) that said R. O. McCarroll was of a transient nature, moving about over the country, and had moved three times since the children were awarded to him, carrying the children into new and unfavorable surroundings; and (4) that said R. O. McCarroll was unable financially to take care of and minister to the wants and needs of said children, whereas the plaintiff was financially able to do so and had a home place of residence where said children could reside and have educational advantages and reasonable comforts of life. The children are boys, aged 5 and 3 at the date of trial.

These and other such allegations are made to present conditions differing in material respects from those existing at the time custody of the children was first awarded to R. O. McCarroll. We are of the opinion that the allegations are sufficient as against the general demurrer, and it appears that that question was decided by the Supreme Court in Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016, 1018, wherein it used this language: "Simply stated, the petition contains allegations of fact which, if found to be true, would justify a court of competent jurisdiction in removing these children from the care and custody of McCarroll and awarding them to the care and custody of Lakey, on account of conditions having changed since the entry of the divorce judgment."

■ We are also of the opinion that the trial court did not err in refusing to sustain appellant's motion for judgment at the close of appellee's testimony. As pointed out, the pleadings were sufficient and a careful review of the testimony convinces us that it is sufficient to support the judgment on the issues raised and especially the alleged issue of changed conditions affecting the welfare of the children. The least that can be said of the testimony is that it presented an issue of fact which the trial court has resolved in favor of the appellee and this court would be without authority to disturb the same. Texas Cotton Growers Ass'n v. McGuffey, Tex.Civ.App., 131 S.W.2d 771; Nations v. Miller, Tex.Civ.App., 212 S.W. 742; Stroud v. Springfield, 28 Tex. 649, 650; Choate v. S. A. & A. P. R. Co., 90 Tex. 82, 36 S.W. 247, 37 S.W. 319; Harpold v. Moss, 101 Tex. 540, 109 S.W. 928; Hewitt v. Green, Tex.Civ.App., 28 S.W.2d 892; Art. 2176, Vernon's Ann.Civ.St.

■■ In Wilson v. Underhill, Tex.Civ.App., 131 S.W.2d 19, the court held: "In proceeding to change minor child's custody from that fixed in divorce judgment, district court's findings and decision altering original award of custody cannot be interfered with by appellate court, where supported by substantial evidence."

That statement is applicable to the record before us, and in State ex rel. Wood v. Deaton, 93 Tex. 243, 54 S.W. 901, 903, our Supreme Court used this pertinent language: " '* * * in the absence of any positive disqualification of the father for the proper discharge of his parental duties, he has, as it seems to us, a paramount right to the custody of his infant child, which no court is at liberty to disregard. And, while we are bound also to regard the permanent interests and welfare of the child, it is to be presumed that its interests and welfare will be best promoted by continuing that guardianship which the law has provided, until it is made plainly 'o appear that the father is no longer worthy of the trust. The breaking of the ties which bind the father and the child can never be justified without the most solid and substantial reasons. Upon the father the child must depend mainly for support, education, and advancement in life; and as security for this he has the obligation of law, as well as the promptings of that parental affection which rarely fails to bring into the service of the child the best energies and the most thoughtful care of the father. In any form of proceeding, the sundering of these ties will always be approached by the courts with great caution, and with a deep sense of responsibility.' "

The trial court observed the witnesses, heard their testimony, and has found that the interests of the children would best be

served by awarding them to the father. We discover nothing in the record that would warrant or require this court in altering the judgment. It is, therefore, affirmed.