## PUCKETT et al. v. HELMS et al.

No. 11440.

Court of Civil Appeals of Texas. Galveston.

Oct. 22, 1942.

Rehearing Denied Nov. 12, 1942.

John D. Bradshaw and Henry E. Kahn, both of Houston, for appellants.

Williams, McClelland & Dobyns, of Houston, for appellees.

MONTEITH, Chief Justice.

This is an appeal in a habeas corpus proceeding instituted by appellees, Mrs. Lola Irene Helms, joined by her present husband, R. V. Helms, to recover from appellant, Mrs. W. A. Puckett, the custody and possession of her infant daughter, Regina Stacy.

On October 22, 1938, Lola Irene Helms was divorced from her then husband, Oscar Stacy. In the divorce decree the custody of their infant daughter, then two years of age, was awarded appellant, Mrs. W. A.

Puckett, the half sister of appellee, Mrs. Helms.

This proceeding was instituted on December 20, 1940, to recover the custody of Regina Stacy under allegations that conditions affecting the welfare and best interest of said child and of appellee, Mrs. Helms, had materially changed since the entry of the original decree awarding the custody of the child to appellant. She alleged that at the time of her separation and divorce from Oscar Stacy and until the time of her marriage to R. V. Helms she had been compelled to support herself by her earnings of between $10 and $15 per week and that she had been unable to provide a proper home for said child on this small income. She alleged that she was now married to R. V. Helms and had a good home of her own in which said child could be properly reared and cared for, and that her present husband sincerely desired to provide for and assist her in the rearing of her child in her own home.

Appellant contends that conditions and circumstances affecting the best interests and welfare of said child had not sufficiently changed since such custody had been awarded her to warrant a change of custody in favor of appellee. She contends that the judgment of the court was contrary to the evidence adduced at the trial regarding the best interests and welfare of said child.

In a trial before the court without a jury, judgment was rendered awarding the custody of Regina Stacy to appellee. The trial court found, in the judgment entered, that appellee was a fit person for the care and custody of said child and that she and her husband maintained and kept a good home in which the child could be adequately cared for, educated and prepared for life as well as be given the love and affection of her natural mother.

Appellee's petition contains allegations of fact of changes in conditions since the entry of the judgment awarding the custody of Regina Stacy and the present time which, if found to be true, would fully justify a court of competent jurisdiction in removing the child from the custody of appellant and awarding her to the care and custody of her mother. These allegations are, we think, amply supported by testimony in the record, and the trial court having resolved these issues in favor of appellee, this court is without authority to disturb either the findings made by the court or the judgment based thereon. McCarroll v.

Lakey, Tex.Civ.App., 157 S.W.2d 963, writ of error refused, and cases there cited.

■ Further, it has been uniformly held by the courts of this State that a judgment of a trial court awarding the custody of a child, being addressed to the sound discretion of the court, will not be disturbed on appeal unless it is so contrary to the great preponderance of the evidence as to show an abuse of discretion. Epstein v. Epstein, Tex.Civ.App., 84 S.W.2d 894; Lyle v. Lyle, Tex.Civ.App., 141 S.W.2d 960.

In the instant case, the trial court observed the witnesses, heard their testimony, and has found upon what he deemed to be sufficient evidence, that the interests of the child, Regina Stacy, will best be served by awarding her to her mother. We have found nothing in the record that would warrant or require this court to alter this judgment. It is therefore affirmed.

Affirmed.