**ROGERS v. MOWRY et al.**

No. 14652.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 10, 1944.

D. A. Webb, of Fort Worth, for appellant.

Marvin Beaty, of Fort Worth, for appellees.

McDONALD, Chief Justice.

This appeal is taken from a judgment in a child custody case, tried before the court without a jury.

The record shows without dispute that appellant and appellee were divorced in the court below on December 29, 1941, at which time custody of their two small children was awarded to appellant, the father. Appellee was married on the following day to J. Mowry, and was still married to him at the time of the present trial. Appellee and her present husband have a child about two

years of age. On November 28, 1943, appellant again married, and is still living with his second wife. Appellee filed the present suit for custody of the children, alleging changed conditions, and upon conclusion of the trial custody of the children was awarded to her.

Appellant presents six points of error. Under them it is contended (1) that there are no pleadings of changed conditions which will warrant changing the custody of the children from the father; (2) that there is no evidence of changed conditions; (3) that there is neither pleading nor evidence showing that the father is not a fit and proper person to have custody of the children; (4) that the uncontroverted evidence shows that the mother is not a fit and proper person to have custody of the children; (5) that the uncontroverted evidence shows that the best interests and welfare of the children require that the father retain custody of the children; and (6) that the record conclusively shows that the court overlooked and disregarded the interests and welfare of the children in rendering judgment herein.

■ When judgment is rendered in a trial without a jury, every reasonable presumption will be indulged upon appeal in favor of the findings of the trial court. 3 Tex.Jur. p. 1059. In passing upon the sufficiency of the evidence to sustain a finding of the court, the evidence will be considered in the light most favorable to the finding. 3 Tex.Jur. p. 1063. In child custody cases a broad discretion is vested in the trial court, and it has been said that "a very clear case of abuse of discretion must appear before an appellate court will interfere with the exercise of that discretion." Turk v. McLure, Tex.Civ.App., 63 S.W.2d 1049, 1050, writ of error dismissed. Another court has said that the judgment of the trial court will not be disturbed on appeal, "unless it is so contrary to the great preponderance of the evidence as to show an abuse of discretion." Epstein v. Epstein, Tex.Civ.App., 84 S.W.2d 894, writ of error dismissed. See also, 15 Tex.Jur. pp. 666, 673.

Bearing these rules in mind, we may examine the pleadings and the evidence.

■ Appellee pleaded that at the time of the original trial the two children were in California; that appellee had since remarried; that her present husband was in the Army, and was sending her $100 per month; that she herself was earning $150 per month; that she had $175 in bonds and over $100 in the bank; that her station in life had completely changed since the trial in the divorce case; that she had a home with her mother in Fort Worth where she could care for the children; that the children were now living in the All Church Home in Fort Worth. We think it clear that the pleadings were sufficient to show such a change of conditions as warranted a reopening of the custody question. There was evidence in support of these allegations.

■ Considering the evidence in the light most favorable to the judgment and the findings of the court, as we are required to do, there is also evidence sufficient to show that the appellant failed during a considerable time to support the children; that he had failed to pay the amounts he had promised to pay to various persons who had taken care of the children; that he had left them for a time with one institution in Fort Worth, and then had placed them with another institution, in each instance failing to pay the amounts which he had agreed to pay for their care, and failing for considerable periods of time even to visit the children; that appellant again married in November of 1943, but continued to leave the children in an institution. There was other evidence, considering it in the light most favorable to the judgment, tending to show that appellee was a woman of good character and reputation, and had married a man of good character; that she was able financially to care for them; that her mother, a woman of good character, would assist her in caring for the children; and that it would be better for the children to live with their mother and grandmother than to continue to live in institutions which were sometimes paid by appellant for their services, and sometimes were not. Appellant's counsel has industriously pointed out the evidence favorable to his contentions, but in passing upon the question whether the judgment of the trial court should be set aside, we are required by law to give weight, if it can reasonably be done, to the evidence which supports the judgment.

The decision of child custody cases is not always easy, but the trial court is in much better position than is the appellate court to pass upon the credibility of the witnesses, and to exercise discretion in determining what is for the best interests of

the child. He sees and hears the parties, if they testify, and the witnesses. It is a wise rule, and one that is uniformly followed by the appellate courts of our State, which vests a broad discretion in the trial court in these matters, and which limits the appellate court to a reversal only where it clearly appears that there has been an abuse of discretion on the part of the trial court. The record before us fails to meet this requirement, so we must affirm the judgment of the court below.

Affirmed.