## CUSTER v. McGOUGH.

No. 2484.

Court of Civil Appeals of Texas. Eastland.

Nov. 24, 1944.

Rehearing Denied Dec. 22, 1944.

Eugene Lankford, of Cisco, and Earl Conner, Sr., of Eastland, for appellant.

Frank Sparks, of Eastland, for appellee.

LESLIE, Chief Justice.

December 2, 1942, Lillian Delores McGough filed suit for divorce and custody of their three minor children against her then husband, Pat McGough. That cause was tried January 9, 1943, and the court granted the divorce and custody of the three children (Barbara Sue, Lewis Don and Kay Ellen, age 5, 4 and 2 years, respectively) to the mother, appellant herein, and required the father to contribute $25 per month to the support of the children.

The original suit was No. 17626 on the docket of the 88th District Court of Eastland County. January 23, 1944, Lillian Delores McGough married Joe Custer, her present husband and codefendant.

April 5, 1944, Pat McGough purports to file in the original divorce suit the instant proceeding, or what he denominates a motion "to reform and amend the decree of this Court (88th) made and entered in the above entitled and numbered cause on the 9th day of January, 1943, insofar as the care, custody, and control of the minor children named therein is concerned for the reason that since the making of such decree the conditions and environment surrounding said children; the attitude, conduct and habits of the Plaintiff has so changed that said Plaintiff is not a fit and proper person to have the care, custody and control of said minor children and the best interest and well-being of said minor children require that they be taken from the custody and control of the Plaintiff and that such care, custody and control of said minor children * * * be awarded to the Defendant in this cause."

Said Pat McGough then proceeds in said pleading ("motion") to allege in detail the changed conditions and environments and charges the mother with most improper and immoral conduct. Aside from the designation of this pleading as a "motion" and the filing thereof under the original suit number, there can be no doubt about the allegations of the pleading being entirely sufficient to allege such changed conditions and environments since January 9, 1943 (date of divorce), as would, if true, warrant and justify a different or modified order as to the custody of the children.

On the day before the filing of said purported "motion," the district judge endorsed on the same an order directing the mother (Mrs. Custer, appellant) to appear before said court at 10 o'clock a. m. on April 14, 1944, to "show cause why the care, custody and control of Barbara Sue McGough, Lewis Don McGough, and Kay Ellen McGough, Minors, should not be awarded to the Defendant Pat McGough * * *."

"A precept to serve such motion" was also issued on April 5, 1944 and served on the wife April 10, 1944, "3 days prior to the time set for the hearing."

At the time set, April 14, Lillian Delores Custer, joined by her husband, and designating themselves "defendants" answered McGough's pleading, specially excepting thereto on various grounds and entering a general denial of "the material allegations in said 'petition' herein filed April 5, 1944, * * *."

All parties were present in court and filed pleadings fully presenting their respective contentions as to the proper custody of the children. No objection was made as to the sufficiency of service or character thereof and the trial proceeded before the court. Each litigant presented his evidence, and at the conclusion thereof the trial court decreed that the mother, "Lillian Delores Custer shall retain the care, custody, and control of the minor children, Barbara Sue and Kay Ellen McGough, and shall have the care, custody and control of the minor son, Lewis Don McGough during the period of time from September 1, 1944, until May 15, 1945, and for the same period of time of each year thereafter until further orders of this Court, and that the said Defendant Pat McGough shall have the care, custody and control of the minor son, Lewis Don McGough, from May 15, 1944, until September 1, 1944, and during the same period of time each year thereafter until further orders of this court." The last judgment differed from the first judgment in that (1) the custody of the small son was granted to the father for 3½ months (May 15th to September 1st) each year, and (2) the father was required to increase to $10 per month his contribution to each child's support while in the custody of the mother. Otherwise, the custody of all the children was reawarded the mother.

We have carefully considered the evidence, which we find conflicting on the material issues but altogether sufficient to support the trial court's conclusions. In that situation this court has no power to disturb the judgment. The applicable rule of law is stated in 3 Tex.Jur. p. 1102, sec. 771, as follows: "The findings of the trial court in a case tried without a jury have the same

force and are entitled to the same weight as the verdict of a jury; and it is well settled that such findings will not be disturbed by an appellate court where there is some evidence to support them, even though the evidence is conflicting and the appellate court might have reached a different conclusion therefrom. It is also well settled that findings of fact by the trial court will be upheld unless they are manifestly erroneous, and that they will be overruled only where they are without any evidence to support them, or where they are so against the great weight and preponderance of the evidence as to be manifestly wrong."

Since McGough's pleading fully raises the issue of proper custody of the children based on alleged change of conditions and environments since the original judgment, of date January 9, 1943, we have concluded to disregard the awkward expression designating the pleading a "motion" in the original suit. In interpreting the pleading, we think we should be governed by its substance, rather than its form or a careless statement therein.

In Keith v. Keith, 286 S.W. 534, 536, a suit of like nature and involving the construction of a pleading in substance the same as that under consideration, the court held: "Though designated as a motion, the appellee's petition or application for a change of custody was in effect an independent suit. It contained sufficient allegations to constitute an independent cause of action, and citation with certified copy of such pleading was served upon appellant as if it were an independent suit. No fraud, accident, or mistake in the original judgment is alleged, and no effort is made to correct or reform it, in any of these respects. The change sought to be made and the relief asked for is based upon an entirely new, distinct, and different state of facts from those upon which the original decree awarding custody to appellant was entered. The so-called motion must be treated as an independent suit, and appellant's plea of privilege, which was not controverted, should have been granted."

Further, we think the construction given the pleading is warranted by the rule or principle applied in dealing with the form of pleadings in bills of review, as such is stated in 17 Tex.Jur. p. 30, sec. 28, viz.: "The bill is sufficient if it states the substance of the proceeding sought to be revised and the facts relied on for relief. A pleading may be treated as a bill of review regardless of the name which has been given to it by the pleader. And it will be so considered if in fact it is an original proceeding to set aside a judgment, and shows equitable grounds for relief, although it is denominated a 'motion.' The important inquiry is as to the nature of the allegations of the pleading."

As stated, the pleading fully set forth "the facts relied on for relief," and that is the "important inquiry" or consideration.

As to the original divorce suit, the instant one is a "new suit or an independent cause of action," and as said in Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016, 1020: "Simply stated, the new suit was not an action to set aside the old judgment and retry the original case, as in an action for bill of review, but was a new and independent action to determine custody on changed facts and circumstances."

While the original divorce judgment was final as to the divorce, "it was only res adjudicata on the question of such custody so long as conditions remained the same as they were at the time such judgment was rendered. As regards custody, the matter could again be litigated and again be adjudicated on questions regarding changed conditions. The matter of custody could again be litigated and again adjudicated should a showing be made in a *subsequent action* that conditions had so changed since the rendition of the former judgment that a change of custody should be had in order to conserve the welfare of the children involved." (Italics ours.)

We regard the judgment under attack as originating in such "subsequent action," as reflected by the preceding excerpt, and it evidences no abuse of discretion on the part of the trial court. Puckett v. Helms, 166 S.W.2d 210; Brillhart v. Brillhart, 176 S.W.2d 229; and Penn v. Abell, 173 S.W.2d 483.

For the foregoing reasons we overrule Appellant's Point 1, wherein he contends that the original divorce judgment of January 9, 1943, conclusively and permanently determined the rights of the parties to the custody of these minors. The issue of custody was properly readjudicated. Points 2, 3 and 4, asserting the absence of pleadings or evidence and the insufficiency of the evidence, are, for the reasons assigned, also overruled.

The judgment of the trial court is affirmed.