**PATTERSON v. WILSON et al.**

No. 11853.

Court of Civil Appeals of Texas. Galveston.

Jan. 30, 1947.

Rehearing Denied Feb. 13, 1947.

Nowlin Randolph, of Houston, for appellant.

Tom Sanders, of Houston, for appellees.

GRAVES, Justice.

This is the third suit to reach an appellate court between the parties hereto—appellant, Troy W. Patterson, and his former wife, appellee Mary Martha Wilson—over the custody of their minor child, J. W. Patterson, born to them during their marriage and now about eleven years of age. Both of such parents have since remarried, but, as indicated, their litigations over the custody of their young boy have so continued.

The two former appeals referred to resulted from separate trials some eight or ten months apart in the 51st District Court of Tom Green County, Texas, but were heard by the same trial Judge, Hon. John F. Sutton. The reports of these appeals, under the style, each, of Patterson v. Wilson, are reported in 177 S.W.2d 1004, January 26, 1944, and 184 S.W.2d 504, November 29, 1944, respectively, and are both referred to for the background of the renewed controversy that is reflected in the record now at the bar of this court.

The child's mother, the appellee Mary Martha Wilson, subsequent to such prior litigations had removed to Houston, where the appellant, shortly prior to April 24, 1946, filed suit against her and her present husband, D. E. Wilson, seeking to again have the custody of the child changed from that so decreed by Judge Sutton on May 26 of 1944, and affirmed by the Austin Court of Civil Appeals on November 29 of 1944, giving the child to the mother from September 1 to June 15 of each year, and to the father from June 15 to September 1.

This third appeal is from a judgment of the 127th District Court of Harris County, refusing the appellant all other relief, and decreeing that the child's custody—as determined by the judgment of such 51st District Court of Tom Green County, Texas, dated May 26, 1944—should remain in full force and effect, except as modified in three particulars, the gist of which, respectively, was this: (1) Appellant should have the right to visit the child two days during the $9\frac{1}{2}$ month period of each year from September 1 to June 15, in prescribed circumstances; (2) appellees should promptly notify appellant thereafter of any change in their residence, or that of the child, in writing; (3) appellant must thereafter pay to the appellee Mary Martha Wilson $25 per month from September 1 to June 15 of each year, for the support and maintenance of the minor child.

In support of its judgment, at appellant's request, the trial court filed findings of fact and conclusions of law, which the record shows were not excepted nor objected to in any particular in any writing filed, or offered, in the trial court. The appellant, therefore, is before this court only, upon his exception to and notice of appeal from the judgment, as so rendered by the court below, sitting without a jury.

He very frankly limits his contentions here to one he had alternatively pled below, through which he claimed that his former wife and her present husband had become nomadic in their way of life, frequently moving from place to place, and junketing the young child around with them, changing schools and living conditions for him every little while, maintaining him in inadequate residences without sufficient comforts and care, since they both had to work during the day for a living and thereby left the child to shift for himself much of the time; and that such fixed habits upon the appellees' part had wrought such a change in conditions since the San Angelo court's judgment of May 26 of 1944, as required relief therefrom, for the child's best interest.

For that relief, by such alternative pleading and prayer below, he proposed that the trial court take the child from the custody of both himself and the appellee for that purpose, and put it in a first-class boarding school, under the custody of the school authorities, or some other third person, for the school months of such year during the intervening time until the boy should become sixteen years old, and earnestly offered to pay the entire expenses throughout such an undertaking, or to permit the appellees to join in such expenses to any extent they might desire.

That proposal of appellant was thoroughly tried out, both under the pleadings and the evidence, by the court below, both parents being present and testifying in person, also appellee D. E. Wilson, and, as indicated, was refused by it in every particular; as stated, appellant's sole presentment here is against that action, his argument on the law being that the evidence was to the effect so forecast in his pleadings, and overwhelmingly showed such a material change in conditions from the last preceding order of custody as imperatively required the district court of Harris County to abrogate that order.

■ This court, however, is unable to see eye-to-eye with appellant in such position; in the first place, the unexpected-to findings of the trial court are binding upon this court; since as below quoted they necessarily found adversely upon all material elements of appellant's sole ground for changed conditions (Rule 299, Texas Rules of Civil Procedure), and he requested no others, Rule 298.

In the second place, after, as indicated, reviewing the whole trail of the custody controversy, and especially appellant's new proposal of the boarding school solution to it, inclusive of the testimony presented by these parties in person and by other witnesses and evidence, the trial court stated these, among other, findings of fact:

"3) That there has been no material change in the type of home maintained by the defendant herein since the entry of the foregoing decree dated May 26, 1944, rendered by the 51st Judicial District Court of Tom Green County, Texas.

"4) That the home of the defendant herein is a suitable home in which to rear the minor child, J. W. Patterson."

It then stated, in substance, these conclusions of law:

"1) I conclude that, under the facts proved, it would be to the best interests of the minor child, J. W. Patterson, to be in the custody of his mother, Mrs. Mary Martha Wilson, from September 1 of each year to the following June 15, subject to the right of the petitioner, Troy W. Patterson, to visit said child during such period; but that he should be with his father, the petitioner herein, between June 15 and September 1 of each year.

"2) That the petitioner herein has wholly failed to prove or establish such a change in conditions since the entry of the judgment dated May 26, 1944, by the 51st Judicial District Court of Tom Green County, Texas, as would warrant the changing of the custody of the minor child, J. W. Patterson, as set forth by the terms of that decree.

"3) That the decree of May 26, 1944, should not be altered, except to provide times with greater certainty when the petitioner, Troy W. Patterson, may have the right to visit the child, and requiring the defendants, Mary Martha Wilson, and her husband, to notify the petitioner of any change in their address; and further, it being shown by the uncontradicted testi-

560

mony in this case his ability to do so, the petitioner, Troy W. Patterson, should be required to contribute $25.00 per month for the support of said minor child during the nine and a half months that said child is in the custody of the defendant herein during each year."

It would serve no useful purpose to further discuss the well-settled law of Texas in these child-custody cases; the courts have clearly defined what those rules are, and the statutes have conferred upon the trial courts broad discretion in fitting them to the facts leading up to each particular case. Appellant has not pointed out any respect in which the trial court's action in this instance either failed to accord him any privilege vouchsafed him under that law, or in anyway misapplied it to the facts he adduced.

It is true that the trial court, on the cause as a whole, differed with appellant's view that a boarding school for the child—under a neutral custody—would be a near panacea for all the troubles of these parents over the custody of their child; but the Legislature in its wisdom saw fit to confer that authority to so differ upon the trial court.

This appellate court, sitting only in its detached chambers on a review of the written record, is in no position to at first hand pass upon the wisdom of appellant's proposal as intimate to all the factual conditions and surroundings the trial court had so fully before it, nor to hold that he became aggrieved in any of his legal rights by its failing, under that evidence, to agree with him that the adoption of it would be for the best interest of the child. Cameron v. Cameron, Tex.Civ.App., 172 S.W.2d 980; Lacy v. Hitzman, Tex.Civ.App., 190 S.W.2d 764; McCarroll v. Lakey, Tex.Civ.App., 157 S.W.2d 963; Pearson v. Pearson, Tex. Civ.App., 195 S.W.2d 188; Puckett v. Helms, Tex.Civ.App. 166 S.W.2d 210; Rogers v. Mowry, Tex.Civ.App., 183 S.W. 2d 737; Thompson v. Haney, Tex.Civ. App., 191 S.W.2d 491; Wrather v. Wrather, Tex.Civ.App., 154 S.W.2d 955, error refused.

The judgment will be affirmed.

Affirmed.